IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED: MARCH 26, 2009
09CV1893
JUDGE KENNELLY
MAGISTRATE JUDGE KEYS
AO

**GLENCOE CAPITAL, L.L.C.,**
an Illinois Limited Liability Company,

    **Plaintiff,**

v.

**BÖWE SYSTEC INTERNATIONAL GmbH,**
a German Limited Liability Company, and
**BÖWE SYSTEC AG, a German Corporation,**

    **Defendants.**

Case No.

**JURY**

## COMPLAINT

Plaintiff, GLENCOE CAPITAL, L.L.C. ("Glencoe"), an Illinois limited liability company, by its undersigned attorneys, for its Complaint against Defendants Böwe Systec International GmbH ("Böwe International") and Böwe Systec AG ("Böwe AG"), states as follows:

### NATURE OF THE ACTION

1. This action arises out of Böwe International's default under stock purchase notes for the purchase of stock in Böwe Bell + Howell Holdings, Inc. ("BBH") and Böwe AG's default under a guaranty for each stock purchase note. In December 2005, Böwe International purchased BBH stock from a wholly owned related Glencoe entity, BH Equity Holdings, L.L.C., ("BH Equity") for $45,000,000, paying $10,000,000 in cash and $35,000,000 with a Stock Purchase Note ("Note"). Böwe AG guaranteed the remaining payment under the Note with an unconditional and irrevocable guaranty. The Note was divisible and assignable. Immediately subsequent to the execution of the Note and guaranty, the Note was divided into Participation

Stock Purchase Notes ("Replacement Notes") and assigned to forty-four investors. The defendants consented to the assignments. Glencoe is authorized to take enforcement action on the Replacement Notes and each guaranty pursuant to an Agreement Among Noteholders. Böwe International is in default under the Replacement Notes and immediately owes the aggregate principal sum of $35,000,000 along with accrued interest. Böwe AG, as guarantor for each Replacement Note, is obligated to satisfy the financial obligations of Böwe International, but it has failed to do so. Glencoe brings this action for breach of contract on the Replacement Notes and for breach of the unconditional and irrevocable guaranty for each Replacement Note.

## THE PARTIES

2. Plaintiff Glencoe Capital, L.L.C. is an Illinois limited liability company with its principal place of business at 222 West Adams Street, Suite 1000, Chicago, Illinois. Glencoe is a private equity firm focused on acquiring middle market companies through leveraged buyouts and recapitalizations in various business sectors. Glencoe's sole member is Glencoe Limited, L.L.C. which is an Illinois limited liability company.

3. Defendant Böwe Systec AG is a corporation organized under the laws of Germany, and trades on the Frankfurt Stock Exchange and other foreign exchanges under the symbol BSYG. Böwe AG's principal place of business is at Werner-von-Siemens-Str-1, 86159 Augsburg, Germany. Böwe AG is a company that among other things manufactures paper cutting and insertion systems.

4. Defendant Böwe Systec International GmbH is a limited liability company organized under the laws of Germany, with its principal place of business at Werner-von-Siemens-Str-1, 86159 Augsburg, Germany. Böwe International is wholly owned by Böwe AG.

**JURISDICTION AND VENUE**

5.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) in that this is an action between an Illinois citizen and subjects of a foreign state and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6.     This Court has personal jurisdiction over defendants Böwe International and Böwe AG because these defendants regularly do business in the state of Illinois. Furthermore, the defendants contractually agreed to jurisdiction in a United States District Court to any proceeding arising out of or relating to the Replacement Notes and guaranty for each. The defendants traveled to Illinois to execute the Replacement Notes, and the place of their performance is Chicago, Illinois.

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(a)(2) and (d) in that a substantial part of the events or omissions giving rise to these claims occurred in this District and because the defendants are aliens.

**FACTUAL BACKGROUND**

**I.     The Bell & Howell Company and Glencoe's Stock Sale to Böwe.**

8.     In 1907 Bell & Howell was incorporated in Illinois. The company was originally founded to manufacture film projection equipment. Over the succeeding years the company grew significantly to become a leader in the production of projection equipment and 35 mm and 16 mm cameras. By the 1970's the company had diversified into other business lines and ceased production of cameras, but continued to produce projection and other media equipment for education and business. In 2001 Bell & Howell became ProQuest Company and sold its mail, messaging and financial services business units to Glencoe's wholly owned related entity, BH Equity. These acquired business units continued to operate under the Bell & Howell name.

9.     In 2002, BH Equity sold stock representing 50% of its interest in Bell & Howell to Böwe International. Following BH Equity's stock sale to Böwe International, the company

became known as Böwe Bell + Howell Company and is now known as Böwe Bell + Howell Holdings, Inc. BBH maintains its principal place of business in Wheeling, Illinois. Böwe AG subsequently purchased additional stock in BBH from BH Equity in 2003. On December 28, 2005, Glencoe, along with its wholly owned related entity BH Equity, agreed to sell its remaining stockholder interest to Böwe International for $45,000,000 under a Stock Purchase Agreement ("SPA"). The SPA called for a cash payment of $10,000,000 and $35,000,000 to be paid pursuant to the Note from Böwe International. The Note called for the final payment to be made on or before November 30, 2009 and included an unconditional and irrevocable guaranty of payment from Böwe AG.

10. The Note further provided that it could be divided into multiple notes in such denominations as BH Equity and any subsequent holders may request upon surrender of the Note to Böwe International. On December 28, 2005, BH Equity divided the Note into forty-four Replacement Notes with separate investors (the "Holders"). The Replacement Note terms do not differ from the original Note with the exception of the Holder and the principal amount due from Böwe International to each Holder. The maker, Böwe International, and the guarantor, Böwe AG, remained parties to each Replacement Note and agreed and consented to each Replacement Note and respective guaranty. Each Replacement Note was delivered to BH Equity as Noteholder Representative. These forty-four Holders include individuals, partnerships, corporations and pension funds.

11. Along with the execution of the Replacement Notes, Glencoe, BH Equity, Glencoe Capital Partners II, LP, Glencoe Capital Partners III, LP and Böwe International entered into an Agreement Among Noteholders ("Noteholder Agreement"). The Noteholder Agreement provided for the assignment of BH Equity's Noteholder Representative status in each Replacement Note to Glencoe. As the Noteholder Representative, Glencoe is empowered with

4

the authority to act on behalf of the Holder of each Replacement Note for all matters including the taking of any enforcement or remedial action it deems appropriate in its sole discretion.

12. On February 6, 2008, Böwe International and Böwe AG, through their former President and Chief Executive Officer, Dr. Claus Gerckens ("Gerckens"), wrote a letter to Glencoe and BH Equity unilaterally terminating a separate Consulting Agreement between Böwe AG and Glencoe. The agreement requires quarterly payments to Glencoe. Gerckens declared the Consulting Agreement at an end because Glencoe would not renegotiate Böwe International's payment obligations under the Replacement Notes. Böwe International and Böwe AG demanded a change in the Replacement Notes' payment terms because of Böwe International's and/or Böwe AG's poor financial condition and/or inability to pay debts as they became due. In December 2007, Böwe AG failed to make its $150,000 quarterly Consulting Agreement payment to Glencoe.

13. Throughout 2008 Böwe International's and Böwe AG's financial difficulties increased. In the fourth quarter of 2008 Böwe International and/or Böwe AG, along with BBH, were no longer in compliance with their lenders' debt covenants. In January 2009, Gerckens was replaced as President and Chief Executive Officer of Böwe International and Böwe AG as part of a corporate reorganization, and a plan with their creditors was being effected.

**II.     The Stock Purchase Replacement Notes' Default Provision.**

14. Böwe International agreed to pay the Holders the aggregate principal sum of $35,000,000 plus accrued interest as its final payment for the remaining stock in BBH "upon the earlier of (i) 30 November 2009, or (ii) as otherwise provided herein upon the occurrence of an Event of Default."

(Replacement Note at p. 1, a representative copy of which is attached hereto as Exhibit 1.)

15. The Replacement Notes define "Events of Default" as:

5

> 1. <u>Events of Default</u>. The occurrence of one or more of the following events shall constitute an "**Event of Default**" under this Note;
>
> (a) nonpayment of the principal amount of this Note or any interest when due;
>
> (b) with respect to the Maker or any entity that directly or indirectly controls Maker: (i) such person shall be adjudicated insolvent or bankrupt or shall generally fail to pay or admit in writing its inability to pay its debts as they become due; (ii) such person shall seek dissolution or reorganization or the appointment of a receiver, trustee, custodian or liquidator for it or a substantial portion of its property, assets or business or to effect a plan or other arrangement with its creditors; (iii) such person shall make a general assignment for the benefit of its creditors or consent to, or acquiesce in the appointment of, a receiver, trustee, custodian or liquidator for a substantial portion of its property, assets or business; (iv) such person shall file a voluntary petition under any bankruptcy, insolvency or similar law; or (v) such person, or a substantial portion of its property, assets or business, shall become the subject of an involuntary proceeding or petition for its dissolution or reorganization or the appointment of a receiver, trustee, custodian or liquidator and any such proceeding or petition shall not be dismissed within forty-five (45) days after commencement or filing, as the case may be, or any order for relief shall be entered in any such proceeding.

(Exhibit 1 at p. 2, ¶ 1(a)-(b).)

16. The Replacement Notes further provide that in the event of a default:

> . . . . the unpaid principal amount owing under this Note, together with all accrued and unpaid interest thereon and all other amounts due and payable with respect thereto, shall automatically become immediately due and payable, without presentment, demand, protest, notice of intent to accelerate, notice of acceleration or other requirements of any kind, all of which are hereby expressly waived by the Maker and the Maker will immediately pay to the Holder all amounts due and payable with respect to this Note.

(Exhibit 1 at p. 2, ¶ 2.)

17. The Replacement Notes also provide that interest will accrue on the outstanding amount due as follows:

> Interest will accrue on the unpaid principal balance from 1 January 2006 at a rate of three percent (3%) per annum, computed on the basis of a 360-day year (this portion of the interest in respect of this Stock Purchase Note (this "**Note**") being referred to as "**Regular Interest**"). Such interest shall accrue until the Maturity Date and shall be compounded on annual basis (i.e., added to the principal amount hereunder on each anniversary date of this Note); provided that if an Event of Default shall occur, the interest rate shall be 6% per annum for the period after the occurrence of the Event of Default until the Event of Default is cured or the unpaid principal amount hereof is paid in full, whether or not the Holder accelerates payment. To the extent that any interest

6

hereunder is not paid when due, such interest shall continue to accrue and shall bear interest at the rate of 6% per annum.

(Exhibit 1 at p. 1.)

### III. The Böwe AG Unconditional and Irrevocable Guaranty.

18. The Replacement Notes are each secured by an unconditional and irrevocable guaranty from Böwe AG ("Guaranty") which provides in relevant part:

Guaranty

Böwe Systec AG, a corporation organized under the laws of Germany ("**Böwe AG**") hereby absolutely, unconditionally and irrevocably guarantees the full and punctual payment when due of all obligations of Maker arising out of or in connection with this Note or any other defense available to either Maker or Böwe AG. This Guaranty constitutes a guaranty of payment when due and not of collection, and Böwe AG specifically agrees that it shall not be necessary or required that Holder exercise any right, assert any claim or demand or enforce any remedy whatsoever against Maker before or as a condition to the obligations of Böwe AG hereunder. Böwe AG shall be obligated under this Guaranty even if Maker is entitled to rescind, avoid or annul the Note or if Maker is entitled to setoff any claims against or to assert any other defenses against any obligations arising out of or in connection with this Note; . . . .

(Exhibit 1 at p. 3.)

19. Böwe International has defaulted under the Replacement Notes as it and/or Böwe AG are unable to pay their debts when due, and have admitted as much to Glencoe. Furthermore, Böwe International and/or Böwe AG are engaged in company reorganizations and other plans and arrangements with their creditors.

20. As a result of Böwe International's default, the aggregate unpaid principal sum of $35,000,000 under the Replacement Notes, plus interest, is due and payable, and the failure to pay has triggered Böwe AG's financial obligations under the Guaranty.

21. Although not required under the Replacement Notes, Glencoe made a demand for payment in December 2008. Nevertheless, Böwe International and Böwe AG have failed to make the payment now due under the Replacement Notes and/or Guaranty for each.

## COUNT I

### Replacement Notes - Breach of Contract
### Böwe International

22. Glencoe re-alleges paragraphs 1 through 21 as though fully set forth herein.

23. On December 28, 2005, BH Equity sold all of its remaining stock in BBH to Böwe International pursuant to the Note. On the same day, the Note was divided among forty-four investors into Replacement Notes. The Holders of the Replacement Notes entered into agreements with Böwe International.

24. The Replacement Notes required Böwe International to pay the Holders the aggregate principal amount of $35,000,000, along with accrued interest, on or before November 30, 2009 if not otherwise in default.

25. Böwe International has defaulted on the Replacement Notes and has failed to pay the Holders the aggregate principal sum of $35,000,000, along with accrued interest, now immediately due and payable thereunder.

26. The Holders have fully performed under the terms of the Replacement Notes entered into with Böwe International.

27. The acts and omissions of Böwe International as complained of herein constitute a material breach of the Replacement Notes.

28. As a result of the acts and omissions of Böwe International, the Holders of the Replacement Notes have been damaged, and will continue to suffer damages, in an amount not yet fully ascertained, but in the aggregate principal sum of not less than $35,000,000.

WHEREFORE, for all the foregoing reasons, the Plaintiff, Glencoe Capital, L.L.C., as Noteholder Representative, respectfully requests this court for the following relief:

A. A judgment against Böwe International as determined at trial, but which is not less than the aggregate principal sum for all Holders of Replacement Notes or $35,000,000;

B. An award of accrued interest, including interest at the default rate as provided in each Replacement Note;

C. An order directing Böwe International to pay the judgment amount to Glencoe for the benefit of and distribution to Holders of the Replacement Notes;

D. An order awarding the reasonable costs associated with this action; and

E. Such other and further relief the Court deems as just and proper.

## COUNT II

### Replacement Notes - Breach of Guaranty
### Böwe AG

29. Glencoe re-alleges paragraphs 1 through 21 as though fully set forth herein.

30. In connection with each Replacement Note, Böwe AG provided an unconditional and irrevocable guaranty. Each Guaranty provides that Böwe AG would absolutely, unconditionally and irrevocably guarantee the full and punctual payment when due of all Replacement Note obligations of Böwe International.

31. The Holders have fully performed under the terms of the Replacement Notes entered into with Böwe International.

32. Böwe International has materially breached each of the respective Replacement Notes as more fully set forth herein, and as a result triggered Böwe AG's payment obligations under each Replacement Note Guaranty.

33. Böwe AG has failed to meet its current obligation under each Replacement Note Guaranty to pay the Holders of the Replacement Notes the aggregate principal sum now due of $35,000,000, along with accrued interest.

34. The acts and omissions of Böwe AG as complained of herein constitute a material breach of each Replacement Note Guaranty.

35. As a result of the acts and omissions of Böwe AG, the Holders of the Replacement Notes have been damaged, and will continue to suffer damages, in an amount not yet fully ascertained, but in the aggregate principal amount of not less than $35,000,000.

WHEREFORE, for all the foregoing reasons, the Plaintiff, Glencoe Capital, L.L.C., as Noteholder Representative, respectfully requests this court for the following relief:

A. A judgment against Böwe AG as determined at trial, but which is not less than the aggregate principal sum for all Holders of Replacement Notes or $35,000,000;

B. An award of accrued interest, including interest at the default rate as provided in each Replacement Note;

C. An order directing Böwe AG to pay the judgment amount to Glencoe for the benefit of and distribution to the Holders of Replacement Notes;

D. An order awarding the reasonable costs associated with this action; and,

E. Such other and further relief the Court deems as just and proper.

GLENCOE CAPITAL, L.L.C. DEMANDS TRIAL BY JURY

Dated: March 26, 2009

Respectfully submitted,

GLENCOE CAPITAL, L.L.C., an Illinois limited liability company

By: s/William K. Kane
One of its Attorneys

William K. Kane - ARDC # 6194466
Erin Bolan Hines - ARDC # 6255649
LOVELLS LLP
330 North Wabash Avenue
Suite 1900
Chicago, Illinois 60611
T: (312) 832-4400
F: (312) 832-4444